**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **JUAN MARTINEZ AND DELIA MARTINEZ,** | § | |
| **Plaintiffs,** | § | |
| | § | |
| | § | |
| **vs.** | § | **Civil Action No. 5:16-cv-01027** |
| | § | |
| **STATE FARM LLOYDS AND** | § | |
| **ELWYN CULVER,** | § | |
| **Defendants.** | § | **JURY REQUESTED** |

---

**INDEX OF STATE COURT PAPERS IN CAUSE NO.  2016CI13038**

---

1. Bexar County Court Records Search for Case #2016CI13038 and Case History

2. Plaintiffs' Original Petition with Exhibits A and A-1

3. Civil Case Information Sheet

4. Correspondence (and shipping label) from Plaintiffs' counsel to the Bexar County District Clerk requesting return of citations

5. Citation for State Farm Lloyds

6. Return and Affidavit of Service—State Farm Lloyds

7. Citation for Elwyn Culver

8. Return and Affidavit of Service—Elwyn Culver

9. Original Answer and Demand for Jury Trial by Defendants State Farm Lloyds and Elwyn Culver

**EXHIBIT A**

# Case #2016CI13038

**Name**: JUAN MARTINEZ

**Date Filed** : 08/04/2016

**Case Status** : PENDING

**Litigant Type** : PLAINTIFF

**Court** : 037

**Docket Type** : INSURANCE

**Business Name** :

**Style** : JUAN MARTINEZ ET AL

**Style (2)** : vs STATE FARM LLOYDS ET AL

# Case History

*Currently viewing 1 through 7 of 7 records*

| Sequence | Date Filed | Description |
|---|---|---|
| P00005 | 9/13/2016 | LETTER TO DISTRICT CLERK<br>FROM: ELIUD MENDOZA RE: SASE MAIL OUT |
| S00002 | 8/18/2016 | CITATION<br>ELWYN CULVER<br>ISSUED: 8/18/2016 |
| S00001 | 8/18/2016 | CITATION<br>STATE FARM LLOYDS<br>ISSUED: 8/18/2016 RECEIVED: 9/19/2016<br>EXECUTED: 9/22/2016 RETURNED: 9/30/2016 |
| P00004 | 8/10/2016 | LETTER TO DISTRICT CLERK<br>FROM VENTRESE HARVEY RE: FEDEX ENVELOPE |
| P00003 | 8/4/2016 | SERVICE ASSIGNED TO CLERK 1 |
| P00002 | 8/4/2016 | PETITION |
| P00001 | 8/4/2016 | JURY DEMAND JURY FEE PAID |

FILED
8/4/2016 1:51:35 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Michelle Garcia

2CITSPPS W/JD SAC1

CAUSE NO. **2016CI13038**

| | | |
|---|---|---|
| JUAN MARTINEZ AND DELIA MARTINEZ, | § § § | IN THE DISTRICT COURT OF |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | BEXAR COUNTY, TEXAS |
| | § | |
| STATE FARM LLOYDS AND | § | |
| ELWYN CULVER, | § | |
| *Defendants.* | § § | ____37____ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Juan Martinez and Delia Martinez ("Plaintiffs") and file this, *Plaintiffs' Original Petition*, complaining of State Farm Lloyds ("State Farm") and Elwyn Culver ("Culver") (hereinafter collectively referred to as "Defendants"), and for cause of action, Plaintiffs would respectfully show this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1.   Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.  This case involves complex issues and will require extensive discovery.  Therefore, Plaintiffs will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### PARTIES

2.   Plaintiffs Juan Martinez and Delia Martinez are citizens of the State of Texas, who reside in Bexar County, Texas.

3.    Defendant State Farm is an unincorporated association engaged in the business of writing insurance on a "Lloyd's plan" as defined in and created by Chapter 941 of the Texas Insurance Code.   For the purposes of diversity jurisdiction, an unincorporated association's citizenship is determined by the citizenship of its members, and, here, State Farm's members are individual underwriters, all of whom are citizens of the State of Illinois.  Accordingly, State Farm is citizen of the State of Illinois engaged in the business of insurance in the State of Texas and pursuant to Chapter 804 of the Texas Insurance Code, this defendant may be served by and through its designated Attorney for Service: Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.

4.    Defendant Elwyn Culver is an individual adjuster engaged in the business of adjusting insurance claims in the State of Texas and citizen and domiciliary of the State of Texas. This defendant may be served with personal process by a process server at his place of residence at 263 Westin Hills, New Braunfels, Texas 78132.

### JURISDICTION

5.    The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court.  Plaintiffs are currently seeking monetary relief over $100,000 but not more than $200,000 including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees.  However, to the extent that Defendants refuse to cooperate in discovery, make frivolous and unwarranted objections, file needless motions, quash depositions and discovery requests without a reasonable basis, assert unjustified or false affirmative defenses, make unwarranted special exceptions, hire individuals they claim to be "experts" who give false opinions or testimony, produce witnesses who commit perjury, conduct excessive discovery, or

otherwise needlessly delay litigation, the costs, expenses, interest, and attorney's fees will likely be over $200,000, but no more than $1,000,000. Plaintiffs reserve the right to amend their petition during and/or after the discovery process.

6. The Court has jurisdiction over Defendant State Farm because this defendant is an insurance company that engages in the business of insurance in the State of Texas, and Plaintiffs' causes of action arise out of this defendant's business activities in the State of Texas.

7. The Court has jurisdiction over Defendant Culver because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiffs' causes of action arise out of this defendant's business activities in the State of Texas.

## VENUE

8. Venue is proper in Bexar County, Texas, because the insured property is situated in Bexar County, Texas. TEX. CIV. PRAC. & REM. CODE §15.032.

## FACTS

9. Plaintiffs are the owners of a Texas Homeowners' Insurance Policy (hereinafter referred to as "the Policy"), which was issued by State Farm.

10. Plaintiffs own the insured property, which is specifically located at 10507 Arbor Bluff, San Antonio, Texas 78240, in Bexar County (hereinafter referred to as "the Property").

11. State Farm sold the Policy insuring the Property to Plaintiffs.

12. On or about July 18, 2014, a windstorm and/or hail storm struck Bexar County, Texas, causing severe damage to homes and businesses throughout the area, including Plaintiffs' residence (hereinafter referred to as "the Storm"). Specifically, Plaintiffs' roof sustained extensive damage during the Storm. Water intrusion through the roof caused significant

damage throughout the entire home, including, but not limited to, the home's ceilings, walls, insulation, and flooring. Plaintiffs' home also sustained substantial structural and exterior damage during the Storm, as well as damage to the siding and window(s). Furthermore, the Storm caused significant damage to the storage shed and fence on the Property. Shortly after the Storm, Plaintiffs filed a claim with their insurance company, State Farm, for the damages to their home caused by the Storm.

13.   Plaintiffs submitted a claim to State Farm against the Policy for Other Structure Damage, Roof Damage, Structural Damage, Water Damage, and Wind Damage the Property sustained as a result of the windstorm and/or hail storm.

14.   Plaintiffs asked that State Farm cover the cost of repairs to the Property, including, but not limited to, repair and/or replacement of the roof and repair of the exterior, structural, and/or interior water damages to the Property, pursuant to the Policy.

15.   Defendant State Farm assigned Defendant Culver as the individual adjuster on the claim. Culver was improperly trained and failed to conduct a reasonable investigation of Plaintiffs' claim. Specifically, on or about August 1, 2014, Culver conducted a substandard inspection of the Property during which he spent an inadequate amount of time inspecting the damages and failed to properly scope all of the damages caused by the Storm. Defendant Culver's lack of investigation of Plaintiffs' reported damages is evident in his inspection report dated, August 9, 2014, which failed to include all storm damages the Property sustained and/or reported by Plaintiffs. Specifically, Culver omitted a significant portion of the exterior damages including, but not limited to, damage to the siding, storage shed, fence, and window(s).

16.     Moreover, Culver both underestimated and undervalued the cost of repairs to the damaged items that he did include in the estimate.  For example, Defendant Culver improperly depreciated some of the damages when evaluating and estimating the cost to repair Plaintiffs' Property.  In some instances, Culver applied depreciation in excess of forty percent (40%) without any reasonable explanation for application of such significant depreciation or any annotations in his estimate regarding the age and/or condition of the damaged items.  Defendant Culver underpriced the cost of materials required for necessary repairs, including the allotment for the roof, incorrectly applied material sales tax, and failed to include prospective contractors' overhead and profit when his estimate should have included this allowance due to the multiple trades required to perform the remediation work on the affected dwelling.  Ultimately, Culver's estimate did not allow adequate funds to cover the cost of repairs to all the damages sustained.

17.     Further, in his August 9, 2014 payment letter to Plaintiffs, Culver completely failed to give any reason or explanation for his decision to not compensate Plaintiffs for all of the damages they had reported.  Culver merely states that his report is the basis of Plaintiffs' claim, but the report also fails to give any sort of reason or explanation as to why so many of Plaintiffs' covered damages were omitted and/or underpaid.  The items were simply ignored by Defendant Culver.  Ultimately, Culver failed to properly scope Plaintiffs' damages and underestimated the cost of repairs to the damages, thereby failing to allow for adequate funds to cover the cost of repairs to Plaintiffs' Property.  Culver's inadequate investigation was relied upon by State Farm in this action and resulted in Plaintiffs' claim being undervalued and underpaid.

18.     Defendant State Farm, along with its personnel, failed to thoroughly review and properly oversee the work of the assigned claims representative and adjusters, including Defendant Culver, ultimately approving an improper adjustment of and an inadequate, unfair settlement of Plaintiffs' claim. Further, Defendants State Farm and Culver misrepresented to Plaintiffs that the estimate included all of their covered storm damages and was adequate to cover all the repairs; however, the damages included in the estimate were grossly undervalued and a significant portion of the damages were either ignored or improperly adjusted. As a result of these wrongful acts and omissions set forth above and further described herein, Plaintiffs were considerably underpaid on their claim and have suffered damages.

19.     Together, Defendants State Farm and Culver set out to deny and/or underpay on properly covered damages. As a result of this unreasonable investigation, including the under-scoping of Plaintiffs' storm damages during the investigation and failure to provide full coverage for the damages sustained, Plaintiffs' claim was improperly adjusted, and they were denied adequate and sufficient payment to repair their home. The mishandling of Plaintiffs' claim has also caused a delay in their ability to fully repair their home, which has resulted in additional damages. To date, Plaintiffs have yet to receive the full payment to which they are entitled under the Policy.

20.     As detailed in the paragraphs below, State Farm wrongfully denied Plaintiffs' claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiffs. Furthermore, State Farm underpaid some of Plaintiffs' claims by not providing full coverage for the damages sustained by Plaintiffs, as well as under-scoping the damages during its investigation.

21.   To date, State Farm continues to delay in the payment for the damages to the property. As such, Plaintiffs have not been paid in full for the damages to their home.

22.   Defendant State Farm failed to perform its contractual duties to adequately compensate Plaintiffs under the terms of the Policy.  Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs.  State Farm's conduct constitutes a breach of the insurance contract between State Farm and Plaintiffs.

23.   Defendants State Farm and Culver misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence.   Defendants State Farm's and Culver's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(1).

24.   Defendants State Farm and Culver failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Defendants State Farm's and Culver's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(2)(A).

25.   Defendants State Farm and Culver failed to explain to Plaintiffs the reasons for their offer of an inadequate settlement.  Specifically, Defendants State Farm and Culver failed to offer Plaintiffs adequate compensation, without any explanation why full payment was not being made.  Furthermore, Defendants State Farm and Culver did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to

adequately settle Plaintiffs' claim.  Defendants State Farm's and Culver's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(3).

26.     Defendants State Farm and Culver failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time.  Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants State Farm and Culver.  Defendants State Farm's and Culver's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(4).

27.     Defendants State Farm and Culver refused to fully compensate Plaintiffs under the terms of the Policy, even though Defendants State Farm and Culver failed to conduct a reasonable investigation.  Specifically, Defendants State Farm and Culver performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property.  Defendants State Farm's and Culver's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(7).

28.     Defendant State Farm failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim, and requesting all information reasonably necessary to investigate Plaintiffs' claim, within the statutorily mandated time of receiving notice of Plaintiffs' claim.  State Farm's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.055.

29.     Defendant State Farm failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information.  State Farm's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.056.

30.     Defendant State Farm failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay.  Specifically, it has delayed full payment of Plaintiffs' claim longer than allowed, and, to date, Plaintiffs have not received full payment for their claim.   State Farm's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.058.

31.     From and after the time Plaintiffs' claim was presented to Defendant State Farm, the liability of State Farm to pay the full claim in accordance with the terms of the Policy was reasonably clear.  However, State Farm has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment.  State Farm's conduct constitutes a breach of the common law duty of good faith and fair dealing.

32.     Defendants State Farm and Culver knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs.

33.     As a result of Defendants State Farm's and Culver's wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law firm who are representing them with respect to these causes of action.

34.     Plaintiffs' experience is not an isolated case.   The acts and omissions State Farm committed in this case, or similar acts and omissions, occur with such frequency that they

constitute a general business practice of State Farm with regard to handling these types of claims. State Farm's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

## CAUSES OF ACTION:

### CAUSES OF ACTION AGAINST DEFENDANT CULVER
### NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
### UNFAIR SETTLEMENT PRACTICES

35.     Defendant State Farm assigned Defendant Culver to adjust the claim. Defendant Culver was improperly trained to handle claims of this nature and performed an unreasonable investigation of Plaintiffs' damages. During all phases of the investigation, Defendant Culver failed to properly assess Plaintiffs' storm damages. Culver omitted covered damages from his report, including many of Plaintiffs' exterior damages. In addition, the damages that Culver did include in the estimate were severely underestimated. Furthermore, Culver corresponded with Plaintiffs in a letter dated, August 9, 2014, in which he failed to give Plaintiffs an adequate explanation as to why he undervalued and omitted so many of his damages from his report. Ultimately, Defendant Culver failed to take into account several specific instances of obvious damage and misrepresented to Plaintiffs that his estimate included all of their covered storm damages and was adequate to cover all the repairs.

36.     Defendant State Farm knew or should have known that Defendant Culver lacked the knowledge and experience to adequately investigate claims of this nature. The unreasonable investigation of Plaintiffs' damages as well as its consequences can all be attributed to Defendant State Farm's inadequate policies and procedures and its failure to use properly trained adjusters on its losses.

37.    Defendant Culver's conduct constitutes multiple violations of the Texas Insurance Code,
       Unfair Settlement Practices.   TEX. INS. CODE §541.060(a).   All violations under this
       article are made actionable by TEX. INS. CODE §541.151.

38.    Defendant Culver is individually liable for his unfair and deceptive acts, irrespective of
       the fact he was acting on behalf of State Farm, because he is a "person" as defined by
       TEX. INS. CODE §541.002(2).   The term "person" is defined as "any individual,
       corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan,
       fraternal benefit society, or other legal entity engaged in the business of insurance,
       including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS.
       CODE §541.002(2) (emphasis added; *see also Liberty Mutual Insurance Co. v. Garrison
       Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998)) (holding an insurance company
       employee to be a "person" for the purpose of bringing a cause of action against him or
       her under the Texas Insurance Code and subjecting him or her to individual liability).

39.    Falsehoods and misrepresentations may be communicated by actions as well as by the
       spoken word; therefore, deceptive conduct is equivalent to a verbal representation.
       Defendant Culver's misrepresentations by means of deceptive conduct include, but are
       not limited to: (1) failing to conduct a reasonable inspection and investigation of
       Plaintiffs' damages; (2) stating that Plaintiffs' damages were less severe than they in fact
       were; (3) using his own statements about the non-severity of the damage as a basis for
       denying properly covered damages and/or underpaying damages; and (4) failing to
       provide an adequate explanation for the inadequate compensation Plaintiffs received.
       Defendant Culver's unfair settlement practice, as described above, and the example given
       herein of misrepresenting to Plaintiffs material facts relating to the coverage at issue,

constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

40.    Defendant Culver's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

41.    Defendant Culver failed to explain to Plaintiffs the reasons for his offer of an inadequate settlement.    Specifically, Defendant Culver failed to offer Plaintiffs adequate compensation without any explanation as to why full payment was not being made. Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did he provide any explanation for the failure to adequately settle Plaintiffs' claim. The unfair settlement practice of Defendant Culver as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiffs' claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

42.    Defendant Culver's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

43.   Defendant Culver did not properly inspect the Property and failed to account for and/or undervalued many of Plaintiffs' exterior and interior damages, although reported by Plaintiffs to State Farm.   Defendant Culver's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.   TEX. INS. CODE §541.060(a)(7).

### CAUSES OF ACTION AGAINST ALL DEFENDANTS

44.   Plaintiffs are not making any claims for relief under federal law.

### FRAUD

45.   Defendants State Farm and Culver are liable to Plaintiffs for common law fraud.

46.   The intentional undervaluing of covered storm damage by Culver and State Farm is prevalent in State Farm's claim handling practices.   For example, Defendant Culver authored a letter to Plaintiffs with his estimate, which states, "Please refer to the attached document which outlines the basis for this payment."   However, Defendant Culver knew that the report he was referring to as the basis for the payment made to Plaintiffs was completely inadequate to give Plaintiffs a reasonable explanation as to why Defendants failed to include and/or undervalued so many of Plaintiffs' covered damages.   Defendants also knew that Culver's estimate did not reflect all of the covered damages reported by Plaintiffs and undervalued the cost of repairs of the damages that were included, which would not allow Plaintiffs to repair the full damages to the insured property.

47.   Further, attached to Defendant Culver's estimate is a Structural Damage Claim Policy from State Farm, which states, "We want you to receive quality repair work to restore the

damage to your property." These statements are also untrue and constitute misrepresentations.

48.   State Farm and Culver knew at the time the above misrepresentations contained in the estimate and letter were made to Plaintiffs that they were false because they failed to include all of Plaintiffs' damages in the report. Culver, who investigated and handled Plaintiffs' claim in accordance with the foregoing training, direction, and instruction provided by Defendant State Farm, failed to perform a thorough inspection and evaluation of Plaintiffs' hail storm and/or windstorm damages, failed to cover claims that were clearly covered and, thus, undervalued and under paid Plaintiffs' claim; thereby denying properly covered damages. As a result, Plaintiffs relied upon the actions and statements of Defendants by not repairing the damages for lack of funds, and/or making temporary repairs using their own limited out-of-pocket funds, further prolonging Plaintiffs' hardship of living in a damaged house.

49.   Moreover, State Farm initially represented in its Policy that covered damages would be insured against loss. To their detriment, Plaintiffs purchased State Farm's policy in exchange for a benefit State Farm knew they would not fully receive. In part, State Farm knowingly defrauds its insureds by withholding benefits it knows or reasonably should know it owes the insureds pursuant to the insurance policies and contracts it issues, sells and markets by strictly admonishing any adjuster or employee who attempts to fully and adequately compensate policyholders in proper compliance with the terms of the applicable policy.

50.   Defendants' written and verbal misrepresentations, as well as their misrepresentations by means of deceptive conduct, concerned material facts. Each and every one of the

representations, as described above, concerned material facts for the reason that absent such representations, Plaintiffs would not have acted as they did, and which Defendants State Farm and Culver knew were false or made recklessly without any knowledge of their truth as a positive assertion.

51. The statements were made with the intention that they should be acted upon by Plaintiffs, who in turn acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury and constituting common law fraud.

### CONSPIRACY TO COMMIT FRAUD

52. Defendants State Farm and Culver are liable to Plaintiffs for conspiracy to commit fraud. Defendants State Farm and Culver were members of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means. In reaching a meeting of the minds regarding the course of action to be taken against Plaintiffs, Defendants State Farm and Culver committed an unlawful, overt act to further the object or course of action. Plaintiffs suffered injury as a proximate result.

### CAUSES OF ACTION AGAINST STATE FARM ONLY

53. Defendant State Farm is liable to Plaintiffs for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

### BREACH OF CONTRACT

54. Defendant State Farm's conduct constitutes a breach of the insurance contract made between State Farm and Plaintiffs.

55.     Defendant State Farm's failure and/or refusal, as described above, to pay adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of State Farm's insurance contract with Plaintiffs.

NONCOMPLIANCE WITH TEXAS INSURANCE CODE:<br>UNFAIR SETTLEMENT PRACTICES

56.     Defendant State Farm's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a).  All violations under this article are made actionable by TEX. INS. CODE §541.151.

57.     Defendant State Farm's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(1).

58.     Defendant State Farm's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though State Farm's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(2)(A).

59.     Defendant State Farm's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(3).

60.     Defendant State Farm's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.   TEX. INS. CODE §541.060(a)(4).

61.     Defendant State Farm's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

62.     Defendant State Farm's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims.   All violations made under this article are made actionable by TEX. INS. CODE §542.060.

63.     Defendant State Farm's failure to acknowledge receipt of Plaintiffs' claim, commence investigation of the claim, and request from Plaintiffs all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

64.     Defendant State Farm's failure to notify Plaintiffs in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

65.     Defendant State Farm's delay of the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the

amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

### ACTS CONSTITUTING ACTING AS AGENT

66. As referenced and described above, and further conduct throughout this litigation and lawsuit, Culver is an agent of State Farm based on his acts during the handling of this claim, including inspections, adjustments, and aiding in adjusting a loss for or on behalf of the insurer. TEX. INS. CODE §4001.051.

67. Separately, and/or in the alternative, as referenced and described above, State Farm ratified the actions and conduct of Culver, including the completion of his duties under the common law and statutory law.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

68. Defendant State Farm's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

69. Defendant State Farm's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, State Farm knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

### KNOWLEDGE

70. Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiffs' damages described herein.

## DAMAGES

71.  Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

72.  As previously mentioned, the damages caused by the July 18, 2014 windstorm and/or hail storm have not been properly addressed or repaired in the months since the Storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiffs.  These damages are a direct result of Defendant State Farm's and Culver's mishandling of Plaintiffs' claim in violation of the laws set forth above.

73.  For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of their claim, together with attorney's fees.

74.  For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiffs ask for three times their actual damages.  TEX. INS. CODE §541.152.

75.  For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees.  TEX. INS. CODE §542.060.

76.  For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

77.    For fraud, Plaintiffs are entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

78.    For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorney whose name is subscribed to this pleading.   Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## JURY DEMAND

79.    Plaintiffs hereby request that all causes of action alleged herein be tried before a jury consisting of citizens residing in Bexar County, Texas.   Plaintiffs hereby tender the appropriate jury fee.

## WRITTEN DISCOVERY

### REQUESTS FOR DISCLOSURES

80.    *Plaintiffs' Request for Disclosures to Defendant State Farm Lloyds* is attached as "Exhibit A."   *Plaintiffs' Request for Disclosures to Defendant Elwyn Culver* is attached as "Exhibit A-1."

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found.   In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all

costs of Court on their behalf expended, for prejudgment and postjudgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which they may show themselves justly entitled.

Respectfully submitted,

**MOSTYN LAW**

_/s/ René M. Sigman_
René M. Sigman
State Bar No. 24037492
rmsdocketefile@mostynlaw.com
3810 West Alabama Street
Houston, Texas 77027
(713) 714-0000 (Office)
(713) 714-1111 (Facsimile)

**ATTORNEY FOR PLAINTIFFS**

**"EXHIBIT A"**

**CAUSE NO. _____**

| | | |
|---|---|---|
| **JUAN MARTINEZ AND DELIA** | § | **IN THE DISTRICT COURT OF** |
| **MARTINEZ,** | § | |
| *Plaintiffs*, | § | |
| | § | |
| **v.** | § | **BEXAR COUNTY, TEXAS** |
| | § | |
| **STATE FARM LLOYDS AND** | § | |
| **ELWYN CULVER,** | § | |
| *Defendants.* | § | **_____ JUDICIAL DISTRICT** |

**PLAINTIFFS' REQUEST FOR DISCLOSURES TO DEFENDANT**
**STATE FARM LLOYDS**

TO:    DEFENDANT STATE FARM LLOYDS, by and through its Attorney for Service, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiffs request that the above-named Defendant, State Farm Lloyds (hereinafter referred to as "Defendant"), disclose, within fifty-one (51) days after the date of service of this request, the information or material described in Rule 194.2.

Respectfully submitted,

MOSTYN LAW

_/s/ René M. Sigman_____
René M. Sigman
State Bar No. 24037492
rmsdocketefile@mostynlaw.com
3810 West Alabama Street
Houston, Texas 77027
(713) 714-0000 (Office)
(713) 714-1111 (Facsimile)

**ATTORNEY FOR PLAINTIFFS**

**"EXHIBIT A-1"**

**CAUSE NO. _____**

| | | |
|---|---|---|
| JUAN MARTINEZ AND DELIA MARTINEZ, | § | IN THE DISTRICT COURT OF |
|      *Plaintiffs*, | § | |
| | § | |
| | § | |
| v. | § | BEXAR COUNTY, TEXAS |
| | § | |
| STATE FARM LLOYDS AND ELWYN CULVER, | § | |
|      *Defendants.* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFFS' REQUEST FOR DISCLOSURE TO DEFENDANT ELWYN CULVER

TO:    DEFENDANT ELWYN CULVER, 263 Westin Hills, New Braunfels, Texas 78132.

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiffs request that the above-named Defendant, Elwyn Culver (hereinafter referred to as "Defendant"), disclose, within fifty-one (51) days after the date of service of this request, the information or material described in Rule 194.2.

Respectfully submitted,

MOSTYN LAW

*/s/ René M. Sigman*
René M. Sigman
State Bar No. 24037492
rmsdocketefile@mostynlaw.com
3810 West Alabama Street
Houston, Texas 77027
(713) 714-0000 (Office)
(713) 714-1111 (Facsimile)

**ATTORNEY FOR PLAINTIFFS**

## CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY)*: _____   COURT *(FOR CLERK USE ONLY)*: _____

JUAN MARTINEZ AND DELIA MARTINEZ v. STATE FARM LLOYDS AND ELWYN CULVER
*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment motion for modification or enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing case information sheet is: |
|---|---|---|---|
| Name:<br>René M. Sigman | Email:<br>rmsdocketefile@mostynlaw.com | Plaintiff(s)/Petitioner(s):<br><br>Juan Martinez<br>Delia Martinez | ☒ Attorney for Plaintiff/Petitioner<br>☐ *Pro Se* Plaintiff/Petitioner<br>☐ Title IV-D Agency<br>☐ Other: |
| Address:<br>3810 West Alabama Street | Telephone:<br>(713) 714-0000 | | Additional Parties in Child Support Case: |
| City/State/Zip:<br>Houston, Texas 77027 | Fax:<br>(713) 714-1111 | Defendant(s)/Respondent(s):<br><br>State Farm Lloyds<br>Elwyn Culver | Custodial Parent: |
| Signature:<br><br>/s/ René M. Sigman | State Bar No:<br>24037492 | *[Attach additional page as necessary to list all parties]* | Non-Custodial Parent:<br><br>Presumed Father: |

### 2. Indicate case type, or identify the most important issue in the case *(select only 1)*:

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions<br>(non-Title IV-D)** |
| *Debt/Contract*<br>☐ Consumer/DTPA<br>☐ Debt/Contract<br>☐ Fraud/Misrepresentation<br>☐ Other Debt/Contract:<br><br>*Foreclosure*<br>☐ Home Equity—Expedited<br>☐ Other Foreclosure<br>☐ Franchise<br>☒ Insurance<br>☐ Landlord/Tenant<br>☐ Non-Competition<br>☐ Partnership<br>☐ Other Contract: | ☐ Assault/Battery<br>☐ Construction<br>☐ Defamation<br>*Malpractice*<br>☐ Accounting<br>☐ Legal<br>☐ Medical<br>☐ Other Professional<br>　 Liability:<br>☐ Motor Vehicle Accident<br>☐ Premises<br>*Product Liability*<br>☐ Asbestos/Silica<br>☐ Other Product Liability<br>　 List Product:<br><br>☐ Other Injury or Damage: | ☐ Eminent Domain/<br>　 Condemnation<br>☐ Partition<br>☐ Quiet Title<br>☐ Trespass to Try Title<br>☐ Other Property: | ☐ Annulment<br>☐ Declare Marriage Void<br>*Divorce*<br>☐ With Children<br>☐ No Children | ☐ Enforcement<br>☐ Modification—Custody<br>☐ Modification—Other |
| | | | | **Title IV-D** |
| | | | | ☐ Enforcement/Modification<br>☐ Paternity<br>☐ Reciprocals (UIFSA)<br>☐ Support Order |
| | | **Related to Criminal<br>Matters** | **Other Family Law** | **Parent-Child Relationship** |
| | | ☐ Expunction<br>☐ Judgment Nisi<br>☐ Non-Disclosure<br>☐ Seizure/Forfeiture<br>☐ Writ of Habeas Corpus—<br>　 Pre-indictment<br>☐ Other: | ☐ Enforce Foreign<br>　 Judgment<br>☐ Habeas Corpus<br>☐ Name Change<br>☐ Protective Order<br>☐ Removal of Disabilities<br>　 of Minority<br>☐ Other: | ☐ Adoption/Adoption with<br>　 Termination<br>☐ Child Protection<br>☐ Child Support<br>☐ Custody or Visitation<br>☐ Gestational Parenting<br>☐ Grandparent Access<br>☐ Paternity/Parentage<br>☐ Termination of Parental<br>　 Rights<br>☐ Other Parent-Child |

| **Employment** | **Other Civil** | |
|---|---|---|
| ☐ Discrimination<br>☐ Retaliation<br>☐ Termination<br>☐ Workers' Compensation<br>☐ Other Employment: | ☐ Administrative Appeal<br>☐ Antitrust/Unfair<br>　 Competition<br>☐ Code Violations<br>☐ Foreign Judgment<br>☐ Intellectual Property | ☐ Lawyer Discipline<br>☐ Perpetuate Testimony<br>☐ Securities/Stock<br>☐ Tortious Interference<br>☐ Other: |

| Tax | Probate & Mental Health | |
|---|---|---|
| ☐ Tax Appraisal<br>☐ Tax Delinquency<br>☐ Other Tax | *Probate/Wills/Intestate Administration*<br>☐ Dependent Administration<br>☐ Independent Administration<br>☐ Other Estate Proceedings | ☐ Guardianship—Adult<br>☐ Guardianship—Minor<br>☐ Mental Health<br>☐ Other: |

### 3. Indicate procedure or remedy, if applicable *(may select more than 1)*:

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court<br>☐ Arbitration-related<br>☐ Attachment<br>☐ Bill of Review<br>☐ Certiorari<br>☐ Class Action | ☐ Declaratory Judgment<br>☐ Garnishment<br>☐ Interpleader<br>☐ License<br>☐ Mandamus<br>☐ Post-judgment | ☐ Prejudgment Remedy<br>☐ Protective Order<br>☐ Receiver<br>☐ Sequestration<br>☐ Temporary Restraining Order/Injunction<br>☐ Turnover |

### 4. Indicate damages sought *(do not select if it is a family law case)*:

☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100,000 but no more than $200,000
☒ Over $200,000 but no more than $1,000,000
☐ Over $1,000,000





# Mostyn Law

August 9, 2016



**VIA FED-EX**
37th District Court
Bexar County Courthouse
100 Dolorosa, 4th Floor
San Antonio, TX 78205
ATTN: CLERK

Re:     Cause No. 2016CI13038; *Juan Martinez and Delia Martinez v. State Farm Lloyds and Elwyn Culver*; In the 37th Judicial District Court of Bexar County, Texas
Our File No.: 046952

Dear Clerk:

Please return the citations issued in the above referenced case via the enclosed pre-paid FedEx envelope. The proper fee has already been paid via e-filing.

Thank you for your time and attention.  Should you have any questions, please do not hesitate to contact our office.

Sincerely,

**THE MOSTYN LAW FIRM**

*Vantrese D. Harvey*

Vantrese D. Harvey
Paralegal to René M. Sigman



*No Fed Ex envelope provided*

**Mostyn Law**
3810 W. Alabama Street   Houston, Texas 77027   **T** 713 714 0000   **F** 713 714 1111          mostynlaw.com

HOUSTON   /   BEAUMONT   /   AUSTIN   /   GALVESTON          1 800 400 4000          ★

DOCUMENT SCANNED AS FILED

8/9/2016                                FedEx Ship Manager - Print Your Label(s)



ORIGIN ID:HOUA   (713) 881-6616
VANTREESE HARVEY
MOSTYN LAW FIRM
3810 WEST ALABAMA

HOUSTON, TX 77027
UNITED STATES US

TO  ATTN: CLERK
    BEXAR COUNTY COURTHOUSE
    100 DOLOROSA
    4TH FLOOR
    SAN ANTONIO TX 78205
(210) 335-2515
REF: 063544
PO:                              DEPT:

SHIP DATE: 09AUG16
ACTWGT: 1.00 LB
CAD: 104358690/INET13790

BILL SENDER

WED - 10 AUG 10:30A
PRIORITY OVERNIGHT

TRK#  7769 4995 7448   0201

AR SVZA

823  2  B
16   10:30
     7413
     00:01

78205
TX-US

FedEx
Express

After printing this label:
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

Warning: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

DOCUMENT SCANNED AS FILED

PRIVATE PROCESS

Case Number: 2016-CI-13038

`2016CI13038  S00001`

JUAN MARTINEZ ET AL
VS.
STATE FARM LLOYDS ET AL
(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
37th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To: STATE FARM LLOYDS
            BY SERVING CORPORATION SERVICE COMPANY

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the  4th day of August, 2016.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 18TH DAY OF AUGUST A.D., 2016.

PETITION

RENE M SIGMAN
ATTORNEY FOR PLAINTIFF
3810 W ALABAMA ST
HOUSTON, TX 77027-5204



**Donna Kay M<sup>c</sup>Kinney**
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Maria J Abilez,* Deputy

OFFICER'S RETURN

I received this citation on _____ at _____o'clock ___M. and:( ) executed
it by delivering a copy of the citation with the date of delivery endorsed on it to the
defendant,_____ in person on the _____ at
_____o'clock ___M. at:_____ or ( ) not executed
because _____ Fees:_____ Badge/PPS #:_____
Date certification expires:_____

_____County, Texas

By :_____
OR:  VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO this
_____

_____
NOTARY PUBLIC, STATE OF TEXAS

OR:  My name is_____, my date of birth is_____, and my
address is _____(County).
I declare under penalty of perjury that the foregoing is true and correct. Executed in
_____County, State of Texas, on the _____ day of_____, 20_____.

M/0  9/13/16

_____
Declarant                  FILE COPY (DK002)

DOCUMENT SCANNED AS FILED

FILED
9/30/2016 8:40:17 AM
Donna Kay McKinney  CA.168732
Bexar County District Clerk
Accepted By: Lilyana Esquivel

IVATE PROCESS

Case Number: 2016-CI-13038

2016CI13038  S00001

**JUAN MARTINEZ ET AL**
**VS.**
**STATE FARM LLOYDS ET AL**
(Note.Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
37th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To: STATE FARM LLOYDS
         BY SERVING CORPORATION SERVICE COMPANY

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the 4th day of August, 2016.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 18TH DAY OF AUGUST A.D., 2016.

PETITION

RENE M SIGMAN
ATTORNEY FOR PLAINTIFF
3810 W ALABAMA ST
HOUSTON, TX 77027-5204



**Donna Kay McKinney**
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Maria J Abilez*, Deputy

OFFICER'S RETURN

I received this citation on _____ at _____ o'clock ___M. and:( ) executed it by delivering a copy of the citation with the date of delivery endorsed on it to the defendant,_____ in person on the _____ at _____o'clock ___M. at:_____ or ( ) not executed because _____ Fees:_____ Badge/PPS #:_____
Date certification expires:_____
                              _____County, Texas

                         By:_____
OR:  VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO this _____.

                    NOTARY PUBLIC, STATE OF TEXAS

OR:  My name is_____, my date of birth is_____, and my address is _____, _____(County).
I declare under penalty of perjury that the foregoing is true and correct. Executed in _____County, State of Texas, on the _____ day of_____, 20_____.

                         _____
                         Declarant          RETURN TO COURT (DK002)

CAUSE NUMBER: 2016-CI-13038

JUAN MARTINEZ AND DELIA MARTINEZ
PLAINTIFF

VS.

STATE FARM LLOYDS AND ELWYN
CULVER
DEFENDANT

IN THE 37TH JUDICIAL DISTRICT
COURT OF BEXAR COUNTY, TEXAS

## AFFIDAVIT OF SERVICE

BEFORE ME, the undersigned authority, on this day **D'ANN WATHEN**, personally appeared before me and stated under oath as follows:

My name is **D'ANN WATHEN**. I am over the age of eighteen (18), I am not a party to this case, and have no interest in its outcome. I am in all ways competent to make this affidavit and this affidavit is based on personal knowledge. The facts stated herein are true and correct. My business address is: 1320 QUITMAN ST. STE 100, HOUSTON, HARRIS COUNTY, TX 77009, U.S.A.

ON **Monday September 19, 2016 AT 03:06 PM - CITATION, PLAINTIFF'S ORIGINAL PETITION, EXHIBIT A, EXHIBIT A-1** came to hand for service upon **STATE FARM LLOYDS BY SERVING CORPORATION SERVICE COMPANY**.

On **Thursday September 22, 2016 at 12:30 PM** - The above named documents were delivered to: **STATE FARM LLOYDS BY SERVING CORPORATION SERVICE COMPANY @ 211 EAST 7TH STREET, SUITE 620, AUSTIN, TX 78701, U.S.A.** by **Corporate Service**. By delivering to Sue Vertrees.

**FURTHER AFFIANT SAYETH NOT.**

**D'ANN WATHEN**
**SCH#6622 EXP 06/30/19**

**SWORN TO AND SUBSCRIBED** before me by **D'ANN WATHEN** appeared on this ___24___ day of ___September___, 2016 to attest witness my hand and seal of office.

NOTARY PUBLIC IN AND
FOR THE STATE OF TEXAS
2016.09.168732

AARON ROBERT CANTU
Notary Public, State of Texas
My Commission Expires
September 24, 2017

09.168729

PRIVATE PROCESS

Case Number: 2016-CI-13038

2016CI13038 S00002

JUAN MARTINEZ ET AL
VS.
STATE FARM LLOYDS ET AL
(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
37th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

FILED        Directed To: ELWYN CULVER
10/7/2016 8:36:41 AM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Norma Gonzales



"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the  4th day of August, 2016.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 18TH DAY OF AUGUST A.D., 2016.

PETITION

RENE M SIGMAN
ATTORNEY FOR PLAINTIFF
3810 W ALABAMA ST
HOUSTON, TX 77027-5204



Donna Kay McKinney
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Maria J Abilez,* Deputy

---

OFFICER'S RETURN

I received this citation on _____ at _____o'clock ___M. and:( ) executed it by delivering a copy of the citation with the date of delivery endorsed on it to the defendant,_____ in person on the _____ at _____o'clock ___M. at:_____ or ( ) not executed because _____ Fees:_____ Badge/PPS #:_____ Date certification expires:_____

_____County, Texas

By:_____

OR:  VERIFICATION  OF  RETURN  (If  not  served  by  a  peace  officer)  SWORN  TO  this _____.

NOTARY PUBLIC, STATE OF TEXAS

OR:  My name is_____, my date of birth is_____, and my address is _____, _____(County). I declare under penalty of perjury that the foregoing is true and correct. Executed in _____County, State of Texas, on the _____ day of_____, 20_____.

_____
Declarant        RETURN TO COURT (DK002)

## CAUSE NO. 2016-CI-13038

**JUAN MARTINEZ AND DELIA MARTINEZ**

**VS.**

**STATE FARM LLOYDS AND ELWYN CULVER**

IN THE 37TH JUDICIAL DISTRICT COURT OF BEXAR COUNTY, TEXAS

### AFFIDAVIT OF SERVICE

BEFORE ME, the undersigned authority, _Steven Wigington_ (SERVER), personally appeared on this day and stated under oath as follows:

1. My name is _Steven Wigington_ (SERVER). I am over the age of eighteen (18), I am not a party to this case, and have no interest in its outcome. I am in all ways competent to make this affidavit and this affidavit is based on personal knowledge. The facts stated herein are true and correct. My business address is: _140 S. Walnut Ave, New Braunfels, TX 78130_

(SERVER'S ADDRESS)

2. ON _9/20/2016_ (DATE) AT _4_ : _12_ ( _P_ ) M (TIME) CITATION, PLAINTIFF'S ORIGINAL PETITION EXHIBIT A, EXHIBIT A-1 came to hand for delivery to ELWYN CULVER.

3. ON _10/03/2016_ (DATE) AT _1_ : _15_ ( _P_ ) M (TIME) - The above named documents were delivered to: ELWYN CULVER at:

_263 Westin Hills, New Braunfels, TX 78132_

(ADDRESS), by PERSONAL Service

**SIGNATURE**
SCH#_____ **EXPIRATION:** _____

Steven Wigington SCH6641 Exp. 3/31/2019
State of Texas Judicial Branch

**AFFIANT PRINTED NAME**

**SWORN TO AND SUBSCRIBED** before me by _Steven Wigington_ appeared on this _3_ day of _October_ 2016 to attest witness my hand and seal of office.

**NOTARY PUBLIC IN AND FOR THE STATE OF TEXAS**

2016.09.168729







September 9, 2016

**VIA FED-EX**
37th District Court
Bexar County Courthouse
100 Dolorosa, 4th Floor
San Antonio, Texas 78205
ATTN: CLERK



> Cause No. 2016CI13038; Juan Martinez and Delia Martinez v. State Farm Lloyds
> and Elwyn Culver; In the 37th Judicial District Court of Bexar County, Texas
> Our File No. 046952

Dear Clerk:

    Please return the citations issued in the above referenced case via the enclosed pre-paid FedEx envelope. The proper fee has already been paid via e-filing. Copies of the citations were previously sent to your office, but our office forgot to enclose the pre-paid FedEx envelope.

    Thank you for your time and attention. Should you have any questions, please do not hesitate to contact our office.

Sincerely,

**THE MOSTYN LAW FIRM**

*Eliud Mendoza*

Eliud Mendoza
Support Staff to René M. Sigman

**Mostyn Law**
3810 W. Alabama Street   Houston, Texas 77027   **T** 713 714 0000   **F** 713 714 1111   mostynlaw.com

HOUSTON   /   BEAUMONT   /   AUSTIN   /   GALVESTON   |   1 800 400 4000   ★

DOCUMENT SCANNED AS FILED

9/9/2016

FedEx Ship Manager - Print Your Label(s)



After printing this label:
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

Warning: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

FILED
9:46 O'CLOCK A.M

SEP 13 2016

DONNA KAY McKINNEY
District Clerk, Bexar County, Texas

BY_____ DEPUTY

DOCUMENT SCANNED AS FILED

PRIVATE PROCESS

Case Number: 2016-CI-13038

2016CI13038  S00002

**JUAN MARTINEZ ET AL**
**VS.**
**STATE FARM LLOYDS ET AL**
(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
37th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To: ELWYN CULVER

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the 4th day of August, 2016.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 18TH DAY OF AUGUST A.D., 2016.

PETITION

RENE M SIGMAN
ATTORNEY FOR PLAINTIFF
3810 W ALABAMA ST
HOUSTON, TX 77027-5204



**Donna Kay McKinney**
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Maria J Abilez,* Deputy

OFFICER'S RETURN

I received this citation on _____ at _____o'clock ___M. and:( ) executed it by delivering a copy of the citation with the date of delivery endorsed on it to the defendant,_____ in person on the _____ at _____o'clock ___M. at:_____ or ( ) not executed because _____ Fees:_____ Badge/PPS #:_____ Date certification expires:_____

_____County, Texas

By :_____
OR:  VERIFICATION  OF  RETURN  (If  not  served  by  a  peace  officer)  SWORN  TO  this _____.

_____
NOTARY PUBLIC, STATE OF TEXAS

OR:  My name is_____, my date of birth is_____, and my address is _____(County).
I declare under penalty of perjury that the foregoing is true and correct. Executed in _____County, State of Texas, on the _____ day of_____, 20____.

_____
Declarant

FILE COPY (DK002)

M|C  09|13|16

DOCUMENT SCANNED AS FILED

CAUSE NO. 2016CI13038

| | | |
|---|---|---|
| **JUAN MARTINEZ AND DELIA MARTINEZ** | § | **IN THE DISTRICT COURT** |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **37TH JUDICIAL DISTRICT** |
| | § | |
| **STATE FARM LLOYDS AND ELWYN CULVER,** | § | |
| **Defendants.** | § | **BEXAR COUNTY, TEXAS** |

## DEFENDANTS STATE FARM LLOYDS AND ELWYN CULVER'S ORIGINAL ANSWER AND DEMAND FOR JURY TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME State Farm Lloyds and Elwyn Culver alleged to be Defendants in this cause, and file this Original Answer and Demand for Jury Trial in response to the Petition submitted by the above-named Plaintiffs.  Without waiving any of their rights or defenses relating to the policy of insurance under which Plaintiffs purport to be claiming in this lawsuit and still insisting upon any and all policy conditions, exclusions, requirements, and other policy terms now or later arising, Defendants respond to Plaintiffs' Original Petition as follows:

### GENERAL DENIAL

Subject to such stipulations and admissions as may hereinafter be made, Defendants assert a general denial as is authorized by Rule 92 of the Texas Rules of Civil Procedure, and Defendants respectfully request that Plaintiffs be required to prove the charges and allegations made against Defendants by a preponderance of the evidence as is required by the Constitution and the laws of the State of Texas.

### DEMAND FOR JURY

Defendants respectfully demand a trial by jury.

## PRAYER

WHEREFORE PREMISES CONSIDERED, Defendants State Farm Lloyds and Elwyn Culver respectfully pray that Plaintiffs take nothing by reason of this lawsuit.  Defendants further pray for additional and further relief to which they may show themselves to be justly entitled, at law or in equity.

Respectfully submitted,

**JONES, ANDREWS & ORTIZ, P.C.**

By: _/s/ Ray R. Ortiz_

      Ray R. Ortiz
      State Bar No. 15324280
      ray@jao-law.com
      Jonathan Law
      State Bar No. 24028656
      ray@jao-law.com
      jon@jao-law.com
      rrosupport@jao-law.com
10100 Reunion Place, Suite 600
San Antonio, Texas  78216
210/344-3900 Telephone
210/366-4301 Facsimile
**ATTORNEYS FOR DEFENDANTS,
STATE FARM LLOYDS AND ELWYN CULVER**

## CERTIFICATE OF SERVICE

In accordance with the Texas Rules of Civil Procedure, on October 14, 2016, the above and foregoing instrument was served upon the following counsel of record via e-service:

René M. Sigman
The Mostyn Law Firm
3810 West Alabama Street
Houston, Texas 77027

_/s/ Ray R. Ortiz_
Ray R. Ortiz/Jonathan Law

2