UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JUAN MARTINEZ, DELIA MARTINEZ, | § § § § | SA:16-CV-1027-DAE |
| Plaintiffs, | § § | |
| vs. | § § | |
| STATE FARM LLOYDS, ELWYN CULVER, | § § § § | |
| Defendants. | § § | |

ORDER GRANTING MOTION TO REMAND

Before the Court are Plaintiffs Juan Martinez and Delia Martinez's Opposed Motion to Remand. (Dkt. # 7.) Pursuant to Local Rule CV-7(h), the Court finds this matter suitable for disposition without a hearing. After careful consideration of the memoranda in support of and in opposition to the motion, the Court, for the reasons that follow, **GRANTS** Plaintiffs' motion to remand.

BACKGROUND

Plaintiffs are the owners of a Texas Homeowners' Insurance Policy (the "Policy"), issued by Defendant State Farm Lloyds ("State Farm"), to cover property located at 10507 Arbor Bluff, San Antonio, Texas 78240 (the "Property"). (Dkt. # 1-3 at 6.) According to Plaintiffs, on July 18, 2014, a wind or hail storm

damaged property in the area, including the roof of Plaintiffs' Property. (Id.) Plaintiffs contend the storm caused severe damage to their roof, and that water intruded through the roof damaging several rooms and the ceiling of their residence. Plaintiffs also allege that the storm damaged the siding on the residence as well as several windows, a storage shed, and a fence. (Id. at 6–7.) Plaintiffs filed a claim with State Farm for the damage to the Property. (Id. at 7.)

According to Plaintiffs, on August 1, 2014, State Farm assigned Defendant Elwyn Culver as the adjuster to inspect the damage to the Property. (Id.) Plaintiffs contend that they were unhappy with the results of Culver's inspection and the small amount of money that State Farm was willing to pay for the repair to the Property. (Dkt. # 7 at 1.)

On August 4, 2016, Plaintiffs filed suit against State Farm and Culver in the 37th Judicial District Court of Bexar County, Texas. (Dkt. # 1-3.) Plaintiffs' state court petition alleges claims against State Farm and Culver for noncompliance with the Texas Insurance Code: unfair settlement practices, fraud, and conspiracy to commit fraud. (Id.) Plaintiffs also assert claims against State Farm for breach of contract, noncompliance with the Texas Insurance Code: the prompt payment of claims, acts constituting acting as an agent, and breach of the duty of good faith and fair dealing. (Id.)

On October 14, 2016, out-of-state Defendant State Farm removed the action to this Court on the basis of diversity jurisdiction.[1] (Dkt. # 1.) State Farm contends that Plaintiffs improperly and fraudulently joined Culver, a citizen and resident of Texas, in an effort to defeat diversity jurisdiction and removal to federal court. (Id. at 3–4.) On November 15, 2016, Plaintiffs filed a motion to remand. (Dkt. # 7.) State Farm filed a response to the motion on November 22, 2016 (Dkt. # 11); Plaintiffs filed a reply on November 29, 2016 (Dkt. # 12). State Farm, with leave of court, filed a sur-reply on December 7, 2016 (Dkt. # 15).

## APPLICABLE LAW

"It is axiomatic that the federal courts have limited subject matter jurisdiction and cannot entertain cases unless authorized by the Constitution and legislation." Coury v. Prot, 85 F.3d 244, 248 (5th Cir. 1996). Accordingly, a defendant may only remove a case over which the district court has original jurisdiction, either because of diversity of citizenship or the existence of a federal question. 28 U.S.C. § 1441(a); Halmekangas v. State Farm Fire & Cas. Co., 603 F.3d 290, 295 (5th Cir. 2010). To determine whether jurisdiction is present for removal, the Court considers the claims in the state court petition as they existed at

---

[1] Plaintiffs originally alleged that State Farm was a citizen of Texas in the state court petition (Dkt. # 1-3), but apparently do not dispute that State Farm is not a citizen of Texas for diversity purposes in their motion to remand. (See Dkt. # 7.)

the time of removal. Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 264 (5th Cir. 1995).

On a motion to remand, the removing party bears the burden of establishing that one of these bases of jurisdiction exists and that the removal was not procedurally defective. BEPCO, L.P. v. Santa Fe Minerals, Inc., 675 F.3d 466, 470 (5th Cir. 2012); Shearer v. Sw. Serv. Life Ins. Co., 516 F.3d 276, 278 (5th Cir. 2008). Federal question jurisdiction exists when a civil action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Because removal implicates federalism concerns, "[a]ny doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." African Methodist Episcopal Church v. Lucien, 756 F.3d 788, 793 (5th Cir. 2014) (internal quotation marks omitted) (quoting Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000)); Frank v. Bear Stearns & Co., 128 F.3d 919, 922 (5th Cir. 1997).

## DISCUSSION

As briefly discussed above, State Farm argues that Culver was improperly joined by Plaintiffs because the allegations against Culver "constitute bare recitations of statutory elements and lack any specific factual content that would allow the Court to draw a reasonable inference that Culver could be held liable for the misconduct alleged." (Dkt. # 11 at 5.) State Farm also asserts that an

insurance adjuster, like Culver, should not be held individually liable for the insurance carrier's decision on a claim. (Id. at 6.)

Plaintiffs' motion to remand asserts that they have pled sufficient factual allegations and valid Texas causes of action against Culver, individually, under the Texas Insurance Code. (Dkt. # 7 at 3.) Additionally, Plaintiffs maintain that Texas law does contemplate that an insurance adjuster like Culver can be individually liable for an insurer's decision. (Id. at 5.)

A removing party can prove improper joinder by establishing either: (1) the plaintiff has stated a claim against a diverse defendant that he fraudulently alleges is non-diverse; or (2) the plaintiff has not stated a claim against a defendant that he properly alleges is non-diverse. Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd., 818 F.3d 193, 199 (5th Cir. 2016). If the court finds the non-diverse defendant is improperly joined, remand must be denied. Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 575 (5th Cir. 2004). Because the parties do not dispute that Culver is a citizen of Texas, State Farm must establish that Plaintiffs failed to state a claim against Culver to establish improper joinder. See Int'l Energy, 818 F.3d at 199.

When considering whether joinder is improper for failure to state a claim, the removing party must establish that the district court has no reasonable basis to predict that the remanding party might be able to recover from the non-

5

diverse defendant.  Smallwood, 385 F.3d at 573.  A court can accomplish this by applying one of two tests; the court can: (1) choose to conduct a Rule 12(b)(6)-type analysis; or (2) pierce the pleadings and conduct a summary inquiry.  Int'l Energy, 818 F.3d at 207; Smallwood, 385 F.3d at 573.

The Fifth Circuit has made it clear that the federal pleading standard is the appropriate standard to apply when conducting a Rule 12(b)(6)-type analysis on a motion to remand.  Int'l Energy, 818 F.3d at 208.  The Supreme Court has explained how plaintiffs can meet the federal pleading standard in the Bell Atlantic Corp. v. Twombly and Ashcroft v. Iqbal opinions.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007); see Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  To meet the federal pleading standard, the plaintiff's pleadings must contain sufficient facts to state a claim to relief that is plausible on its face.  Twombly, 550 U.S. at 556.  It must provide more than a mere possibility of recovery.  Id. (holding that requiring "plausible grounds to infer an agreement does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [the defendant's misconduct].").  The pleading must contain more than just labels and conclusion that merely restate the elements of the cause of action.  Iqbal, 556 U.S. at 678.

Plaintiffs' state court petition alleges various claims against Culver, the non-diverse defendant, including claims arising under the Texas Insurance Code. (Dkt. # 1-3 at 13–16.) To be liable under the Texas Insurance Code, one must be "in the business of insurance." Gasch v. Hartford Acc. & Indem. Co., 491 F.3d 278, 282 (5th Cir. 2007); Liberty Mut. Ins. Co. v. Garrison Contractors, Inc., 966 S.W.2d 482, 488 (Tex. 1998); Tex. Ins. Code Ann. § 541.002 (West 2015). The Texas Supreme Court has held that the business of insurance "includes the investigation and adjustment of claims and losses." Vail v. Tex. Farm Bureau Mut. Ins. Co., 754 S.W.2d 129, 132 (Tex. 1998).

Accordingly, because Texas law recognizes that an adjuster can potentially be liable for Texas Insurance Code violations, the sole issue before this Court is whether or not Plaintiffs have stated viable claims against Culver. If so, Culver was properly joined, and this Court must grant Plaintiffs' motion to remand for lack of diversity jurisdiction. Int'l Energy, 818 F.3d at 208. If the Court finds a reasonable basis to predict that Plaintiffs can potentially recover on one of the causes of action asserted against Culver, the Court must remand the entire case. Gray ex rel. Rudd v. Beverly Enters-Miss, Inc., 390 F.3d 400, 412 (5th Cir. 2004).

In their petition, Plaintiffs assert a number of causes of action against Culver under Chapter 541 of the Texas Insurance Code. (Dkt. # 1-3 at 14–17.) Plaintiffs allege, among others, that Culver: (1) failed to properly assess the

damage to the Property; (2) omitted covered damages from his report; (3) underestimated the costs of the damages he did assess; (4) failed to give an adequate explanation as to why he undervalued and omitted so many damages from his report; and (5) failed to take into account several specific instances of obvious damage and misrepresented that his estimate included all of their covered storm damages and was adequate to cover the repairs. (Id. at 13.) Additionally, with respect to their claims that Culver engaged in unfair settlement practices, Plaintiffs allege that Culver failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, and did not communicate that any future settlements or payments would be forthcoming, among other actions. (Id. at 15.)

Many district courts in the Fifth Circuit have held that an insurance adjuster may be personally liable for engaging in unfair settlement practices under Texas Insurance Code § 541.060(a)(2), because the adjuster has the ability to affect or bring about the settlement of a claim. See, e.g., Manziel v. Seneca Ins. Co., Inc., 2016 WL 3745686, at *3 (N.D. Tex. July 13, 2016) (Lynn, J.); Shade Tree Apartments, LLC v. Great Lakes Reinsurance (UK) PLC, 2015 WL 8516595, at *6 (W.D. Tex. Dec. 11, 2015); Denley Group, LLC v. Safeco Ins. Co. of Ind., 2015 WL 5836226, at *3–4 (N.D. Tex. Sept. 30, 2015) (Boyle, J.); Lopez-Welch v. State Farm Lloyds, 2014 WL 5502277, at *8 (N.D. Tex. Oct. 31, 2014) (Lindsay, J.). In ruling on the instant motion, this Court only asks whether there is a reasonable

basis to predict that Plaintiffs might be able to recover against Culver.  See Smallwood, 385 F.3d at 573.  Since there is a reasonable basis, this Court finds that Plaintiffs' state court petition is sufficient under the federal pleading standard to state a claim against Culver under Texas Insurance Code § 541.060(a)(2).  See Iqbal, 556 U.S. 662 at 678.

Accordingly, because Culver was not improperly joined, Culver's citizenship destroys diversity jurisdiction and therefore requires the Court to remand the action back to state court.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Plaintiffs' Opposed Motion to Remand (Dkt. # 7), and **REMANDS** the case to the 37th Judicial District Court of Bexar County, Texas.

**IT IS SO ORDERED**.

**DATED**:  San Antonio, Texas, December 28, 2016.

_____
David Alan Ezra
Senior United States Distict Judge